UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

**PAINTERS LOCAL 802 PENSION FUND,
PAINTERS LOCAL 802 HEALTH FUND,
PAINTERS LOCAL 802 APPRENTICESHIP
& TRAINING FUND and JEFF MEHRHOFF
(in his capacity as Trustee),**

**MADISON AREA CONTRACTORS ASSOCIATION,
and PAINTERS LOCAL UNION NO. 802,**

      **Plaintiffs,**

  v.                                                                                         **Case No.**

**BADGER SPECIALTY COATINGS &
CONSTRUCTION LLC,**

      **Defendant.**
_____

## COMPLAINT
_____

      **NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

      1.    Jurisdiction of this Court upon Defendant Badger Specialty Coatings & Construction LLC (hereinafter "Badger Specialty") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §1132), and section 301(a) of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. §185(a)), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms

of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, section 301 of the LMRA and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA §502(e)(2) (29 U.S.C. §1132(e)(2)) in that Badger Specialty is engaged in business with its principal place of business located in Rock County, Wisconsin.

**Parties**

3. Plaintiffs Painters Local 802 Pension Fund, Painters Local 802 Health Fund and Painters Local 802 Apprenticeship Fund are employee benefit plans within the meaning of ERISA §§3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA, (codified as amended at 29 U.S.C. §§1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the trustees, participants and beneficiaries of said plans. Said plans maintain offices at 5375 King James Way, Fitchburg, WI 53719.

4. Plaintiff Jeff Mehrhoff is a trustee and a fiduciary of the Painters Local 802 Pension Fund and Painters Local 802 Health Fund, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Jeff Mehrhoff maintains an office at 5375 King James Way, Fitchburg, WI 53719.

5. Plaintiff Madison Area Finishers Contractors Association Plaintiff ("MAFCA") is an employee benefit plan governed by a Board of Trustees consisting of union and labor employee appointees as provided by LMRA § 302(c)(5) (29 U.S.C. §

186(c)(5)). It brings this action on behalf of the Trustees, participants, and beneficiaries of said organization and maintains offices at 902 Stewart St, Madison, WI 53713.

6. Plaintiff Painters Local Union No. 802 (hereinafter the "the Painters Union") is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains its offices at 5375 King James Way, Fitchburg, WI 53719.

7. Defendant Badger Specialty is a domestic corporation incorporated and organized under the law of the State of Wisconsin, engaged in business with principal offices located at 4009 Sandhill Drive, Janesville, Wisconsin 53546. The registered agent for service of process is Daniel Tuescher, Sandhill Drive, Janesville, Wisconsin 53546.

**Facts**

8. Badger Specialty is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§3(5), (11), (12) and (14) of ERISA (29 U.S.C. §§1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. §151, et seq.).

9. For all times relevant, Badger Specialty was a party to and agreed to abide by the terms of collective bargaining agreements (hereinafter referred to as "Labor Agreements") between it and the Painters' Union (hereinafter collectively referred to as "the Union").

10. The Union represents, for purposes of collective bargaining, certain of Badger Specialty's employees and employees of other employers, in industries affecting

-3-

interstate commerce within the meaning of LMRA §§2(5), 9(a) and LMRA §301(a) (29 U.S.C. §151, et seq.).

11. The Labor Agreements described herein contains provisions whereby Badger Specialty agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said agreements.

12. By execution of said Labor Agreements, Badger Specialty adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration, and designated as its representatives on the board of trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

13. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Badger Specialty has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

    b. to deduct from each employee who has so authorized, working dues and to timely pay said amounts to the Unions;

      c.      to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

      d.      to adopt and abide by all of the rules and regulations adopted by the trustees of the Plaintiffs pursuant to the trust agreements;

      e.      to adopt and abide by all of the actions of the trustees in administering the Plaintiffs in accordance with the trust agreements and the rules so adopted; and

      f.      to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

      g.      to pay, in addition to contributions, liquidated damages and interest, all actual attorneys' fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

14.    Badger Specialty has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

      a.      failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of Badger Specialty's covered employees; and

      b.      failing to accurately report employee work status to the Plaintiffs.

15.    ERISA §502(g)(2), as amended by the MPPAA provides:

> (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of –
>
> > (i) interest on the unpaid contributions, or
> >
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

16. ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

17. Despite demands that Badger Specialty perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has wholly failed, neglected, omitted and refused to make those payments. Badger Specialty is now indebted to the Plaintiffs as follows:

<u>Audit Period January 1, 2016 through September 30, 2017</u>:

| | |
|---|---:|
| Painters Local 802 Pension Fund | $3,568.90 |
| Painters Local 802 Health Fund | 2,982.44 |
| Painters Local 802 Apprenticeship & Training Fund | 349.52 |
| Madison Area Contractors Association (MAFCA) | 23.86 |
| Painters Local 802 (Dues) | 214.31 |

<u>Audit Period October 1, 2017 through September 30, 2018</u>:

| | |
|---|---:|
| Painters Local 802 Pension Fund | $11,179.06 |
| Painters Local 802 Health Fund | 9,406.31 |
| Painters Local 802 Apprenticeship & Training Fund | 1,085.34 |
| Madison Area Contractors Association (MAFCA) | 144.97 |
| Painters Local 802 (Dues) | 1,396.74 |

## Claim One Against Badger Specialty & Decorating, Inc.
## Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145

18.  As and for a first claim for relief against Badger Specialty, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 17 above and incorporate the same as though fully set forth herein word for word.

19.  For purposes of this claim, the Painters Local 802 Pension Fund, Painters Local 802 Health Fund, Painters Local 802 Apprenticeship Fund are hereinafter referred to as the "Funds."

20.  Due demand has been made by the Funds upon Badger Specialty for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

21.  Because, as the Funds are informed and believe, Badger Specialty has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds' trust funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed.  Consequently,

ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

22. Because Badger Specialty has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreement and enjoined from further breaches.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Funds and against Badger Specialty:

   A. For $6,900.86 representing unpaid contributions, interest and liquidated damages owed the Painters Local 802 Pension Fund, Painters Local 802 Health Fund, Painters Local 802 Apprenticeship Fund and for the audited period January 1, 2016 through September 30, 2017;

   B. For $21,707.71 representing unpaid contributions, interest and liquidated damages owed the Painters Local 802 Pension Fund, Painters Local 802 Health Fund, Painters Local 802 Apprenticeship Fund and for the audited period October 1, 2017 through September 30, 2018;

    C.    For unpaid contributions, interest and liquidated damages owed to the Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    D.    Actual attorney fees and the costs of this action.

2.    For such other, further or different relief as the Court deems just and proper.

**Claim Two - Against Defendant Badger Specialty & Decorating, Inc.
Violation of LMRA § 301 (29 U.S.C. § 185)**

23.    As and for their second claim for relief, against Badger Specialty, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 22 above and incorporate the same as though fully set forth herein word for word.

24.    Due demand has been made upon Badger Specialty for payment of all contributions, interests and working dues outstanding to MAFCA the Union, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

25.    Because, as MAFCA and the Union are informed and believe, Badger Specialty has not paid timely and prompt contributions and working dues to MAFCA and the Union on behalf of union members, MAFCA Union's incomes are reduced, and their members may be forced to pay working dues out of pocket even though said amounts may have already been deducted from their paychecks by the Defendant. Consequently, the LMRA has been violated, and MAFCA and the Union is entitled to all of the remedies provided by the LMRA.

**WHEREFORE**, the Union demands the following relief:

1.    Judgment on behalf of MAFCA and the Union and against Badger Specialty:

  A. For $238.17 representing unpaid calculated working dues, and interest and due to MAFCA and Painters Local Union No. 802 for the audited period January 1, 2016 through September 30, 2017;

  B. For $1,541.71 representing unpaid calculated working dues, and interest and due Painters Local Union No. 802 for the audited period October 1, 2017 through September 30, 2018;

  C. For unpaid working dues, interest and liquidated damages owed to the Union and becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

  D. Actual attorney fees and the costs of this action.

2. For such other, further or different relief as the court deems just and proper.

Dated this _____ day of October, 2019.

        s/Christopher J. Ahrens
        Christopher J. Ahrens (SBN 1043237)
        The Previant Law Firm, S.C.
        310 W. Wisconsin Avenue
        Suite 100MW
        Milwaukee, WI 53203
        414-271-4500 (Telephone)
        414-271-6308 (Fax)
        Email: cja@previant.com

        Attorney for Plaintiffs